UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PHILLIP HAWLEY,

Plaintiff,

v.

SNOQUALMIE, CITY OF, et al.,

Defendants.

CASE NO. C14-1716 MJP

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

THIS MATTER comes before the Court on Defendants' Motion for Summary Judgment. (Dkt. No. 39.) Having considered the Parties' briefing and all related papers, the Court GRANTS the motion.

**Background**

Plaintiff Phillip K. Hawley brings suit against the City of Snoqualmie and two officers of the Snoqualmie Police Department ("SPD"), Officer Kim Stonebraker and Sergeant CK Todd, asserting a variety of claims arising out of his arrest for violation of an unserved domestic violence no-contact order. (Dkt. No. 45.)

Plaintiff asserts that he was not specifically informed about a prohibition on contacting his wife via third parties, and that because he was not served with the actual order before being arrested, there was no probable cause to believe he knowingly violated the order by attempting to contact his wife through a third party. (Dkt. Nos. 45, 46.) Plaintiff asserts the arrest was motivated by the SPD Officers' personal ill will towards him, and that it violated his civil rights. (Id.)

Arguing that there was probable cause for his arrest and that Plaintiff's claims fail as a matter of law, Defendants now move for summary judgment on all of Plaintiff's claims. (Dkt. Nos. 39, 53.) Plaintiff concedes that summary judgment is appropriate on all claims against the City of Snoqualmie except for the conversion claim, but opposes summary judgment on all claims as to Officers Stonebraker and Todd. (Dkt. No. 46 at 2.)

## Discussion

### I. Legal Standard

#### A. Summary Judgment

Summary judgment is proper where "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In assessing whether a party has met its burden, the underlying evidence must be viewed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

### II. Claim-Filing Requirements under RCW 4.96

Defendants argue that Plaintiff's state law claims are barred because Plaintiff failed to comply with RCW 4.96.020's requirement that a plaintiff file a nonjudicial claim for damages with a local governmental entity sixty days before commencing an action against the entity or its

agents. (Dkt. No. 39 at 13.) Plaintiff argues that although he did not wait the full sixty days, he substantially complied with the statute's procedural provisions and his efforts should be deemed sufficient. (Dkt. No. 46 at 18-20.)

"Filing a claim for damages within the time allowed by law shall be a condition precedent to the commencement of any action claiming damages." RCW 4.96.010. The general purpose of the sixty-day waiting period imposed by RCW 4.96.020 is "to allow government defendants time to investigate claims and pursue settlement before they are sued." Estate of Connelly ex rel. Connelly v. Snohomish Cnty. Pub. Util. Dist. No. 1, 145 Wn. App. 941, 944-45 (2008) (citation omitted). The statute of limitations is tolled during the sixty-day period, "essentially add[ing] 60 days to the applicable statute of limitations." Id.; RCW 4.96.020(4). The procedural requirements of RCW 4.96.020 "must be liberally construed so that substantial compliance will be deemed satisfactory." RCW 4.96.020(5).

The Court finds that Plaintiff did not substantially comply with RCW 4.96's claim-filing requirements. Plaintiff waited less than one month after submitting his claim form before filing suit in King County Superior Court. (Dkt. No. 46 at 19.) Plaintiff argues that this was reasonable because the statute of limitations would have expired on his false imprisonment claim, and that the purposes of the claim-filing requirement have been satisfied because the City of Snoqualmie conducted an investigation and engaged in preliminary settlement negotiations regarding Plaintiff's claims. (Id.) The Court disagrees. As discussed above, the statute of limitations is tolled during the sixty-day period, and Plaintiff has put forward no actual evidence that the City was able to engage in and complete an investigation or decided that it would not settle Plaintiff's claims before it was served with Plaintiff's summons and complaint. Accordingly, the Court finds that all of Plaintiff's state-law claims, including his conversion

claim, are barred for failure to substantially comply with the claim-filing requirements, and GRANTS Defendants' Motion for Summary Judgment as to Plaintiff's state-law claims on this basis.

Even if Plaintiff did substantially comply with this requirement, however, summary judgment is nevertheless appropriate because the Court finds that probable cause for Plaintiff's arrest existed as a matter of law.

III. Probable Cause for Plaintiff's Arrest

Defendants argue that probable cause for Plaintiff's arrest existed as a matter of law based on Plaintiff's admissions, and that that existence of probable cause is a complete defense to Plaintiff's false arrest, false imprisonment, § 1983, infliction of emotional distress, civil conspiracy, and negligence claims. (Dkt. No. 39 at 5-7.)

Probable cause requires knowledge of facts and circumstances, based on reasonably trustworthy information, which would lead a reasonable officer to believe a crime has been committed. State v. Potter, 156 Wn.2d 835, 840 (2006). At the time of the arrest, the arresting officer need not have evidence to prove each element of the crime beyond a reasonable doubt; rather, the officer is required only to have knowledge of facts sufficient to cause a reasonable person to believe that an offense has been committed. Id.

Here, Officers Stonebraker and Todd arrested Plaintiff for violation of a temporary order of protection under RCW 26.50.110, which provides in relevant part: "Whenever an order is granted under this chapter… and the respondent or person to be restrained knows of the order, a violation of any of the following provisions of the order is a gross misdemeanor…: (i) The restraint provisions prohibiting acts or threats of violence against, or stalking of, a protected party, or restraint provisions prohibiting contact with a protected party." RCW 26.50.110(1)(a).

The statute's arrest provision provides: "A peace officer shall arrest without a warrant and take into custody a person whom the peace officer has probable cause to believe has violated an order issued under this chapter … if the person restrained knows of the order." RCW 26.50.110(2). The enforcement provision for orders issued ex parte provides:

> When a peace officer investigates a report of an alleged violation of an order for protection issued under this chapter the officer shall attempt to determine whether the respondent knew of the existence of the protection order. If the law enforcement officer determines that the respondent did not or probably did not know about the protection order and the officer is provided a current copy of the order, the officer shall serve the order on the respondent if the respondent is present. If the respondent is not present, the officer shall make reasonable efforts to serve a copy of the order on the respondent. If the officer serves the respondent with the petitioner's copy of the order, the officer shall give petitioner a receipt indicating that petitioner's copy has been served on the respondent. After the officer has served the order on the respondent, the officer shall enforce prospective compliance with the order.

RCW 26.50.115(2).

Because Plaintiff was not served with the order before his arrest, the dispute here surrounds the requirement that the person restrained "know[] of the order." (Dkt. Nos. 39 at 5-7, 46 at 6-11.) On Saturday, September 8, 2012, SPD Officer Weiss informed Plaintiff over the telephone that a domestic violence order of protection had been issued against him, and that contacting his wife—whether in person, by phone, or by e-mail—would violate the order and could carry criminal penalties. (Dkt. Nos. 41, 48.) Officer Weiss did not read the no-contact order to Plaintiff or explicitly inform Plaintiff that contact through third parties was also prohibited. (Id.)

Plaintiff then sent a Facebook message to a friend, asking that she share certain information with his wife. (Dkt. No. 40-3.) In that message, Plaintiff informs the mutual friend that he can no longer contact his wife under the terms of the no-contact order, and that he does

not intend to contact her, but requests that the friend relay a message to his wife regarding the dissolution of their marriage. (Id.)

Later that day, Plaintiff went to the SPD station to pick up clothing and medications that his wife had left there, as had been arranged with Officer Weiss over the telephone. (Dkt. Nos. 41-1, 48.) Officers Stonebraker and Todd arrested Plaintiff when he arrived at the station, concluding that his Facebook message had violated the third-party-contact provision of the protective order. (Dkt. No. 48.)

Defendants argue that Plaintiff's admissions establish probable cause as a matter of law because Plaintiff admits that he (1) knew an order of protection had been issued, (2) knew the order prohibited him from contacting his wife, and (3) attempted to contact his wife by asking a mutual friend to relay a message. (Dkt. No. 39 at 5-6.) Plaintiff argues that where ex parte orders are at issue, the person restrained must have knowledge of the order and what it proscribes before that person can be guilty of knowingly violating the order. (Dkt. No. 46 at 7-11.) Because Plaintiff had no way to know that third-party contact was proscribed before sending the Facebook message, Plaintiff argues, he could not have violated a provision of the order he "knew of." (Id.) Plaintiff argues that this absence of probable cause was immediately identified by the Issaquah Municipal Court, which found that there was no probable cause to arrest or hold Plaintiff and ordered him released on his own recognizance. (Id.)

While the Domestic Violence Prevention Act requires service of protection orders on those restrained, service of the order is not a prerequisite for criminal prosecution of the person restrained because such a requirement would incentivize people to avoid personal service in order to violate the order with impunity. City of Auburn v. Solis-Marcial, 119 Wn. App. 398, 401-04 (2003). Rather, the protection order is enforceable "so long as the person restrained

knows of the order." Id. at 401.  Stated differently, the prosecution "must show that [the person restrained] knowingly violated the order." Id. at 403.

The Court finds that, as a matter of law, there was probable cause to believe Plaintiff knowingly violated the no-contact order.  Plaintiff was informed that he could not lawfully contact his wife, including contact via electronic messaging, and he attempted to contact her anyway.  While he was not aware of the third-party contact restriction, specifically, it is reasonable to assume that an order prohibiting in-person, phone, and e-mail contact also prohibits e-mail contact routed through a mutual friend.  Considering the relatively low standard imposed by the probable cause requirement, a reasonable officer in this situation could conclude that Plaintiff knew he was engaging in prohibited conduct when he attempted to send a message to his wife using a mutual friend.  Furthermore, Plaintiff's argument that the Issaquah Municipal Court "found no probable cause" is misguided: the municipal court found that there was no probable cause to hold Plaintiff, not that there was no probable cause to arrest Plaintiff.  (Dkt No. 48 at 6-7.)

The existence of probable cause for Plaintiff's arrest forecloses his false arrest, false imprisonment, § 1983, infliction of emotional distress, civil conspiracy, and negligence claims, and the Court concludes that Defendants are entitled to summary judgment on those claims on this basis.  Even if there were a genuine issue of material fact as to the existence of probable cause, however, Defendants are still entitled to summary judgment because the Officers have qualified immunity from Plaintiff's federal claims and state-law immunity from Plaintiff's state-law claims.

IV. Qualified Immunity under § 1983

Defendants argue that—assuming there was not probable cause for the arrest as a matter of law—Officer Stonebraker and Officer Todd's mistake in finding probable cause was reasonable, and thus the officers are entitled to qualified immunity from Plaintiff's § 1983 claims. (Dkt. No. 39 at 7-15.) Plaintiff argues that his arrest without probable cause violated his rights under the Fourth Amendment and that the conduct of Officers Stonebraker and Todd was not objectively reasonable. (Dkt. No. 46 at 11-14.) Plaintiff concedes that summary judgment is appropriate on his § 1983 claims against the City of Snoqualmie. (Id. at 2.)

Qualified immunity shields a federal or state official from suit "when she makes a decision that, even if constitutionally deficient, reasonably misapprehends the law governing the circumstances she confronted." Brosseau v. Haugen, 543 U.S. 194, 198 (2004). Officials are shielded from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was "clearly established" at the time of the challenged conduct. Ashcroft v. al-Kidd, 131 S. Ct. 2074, 2080 (2011). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." Id. at 2085.

The Court finds that Defendants are entitled to summary judgment on Plaintiff's § 1983 claims on the basis of qualified immunity. Washington's statutes and case law make clear that service of a domestic violence no-contact order is not required for a warrantless arrest of the person restrained. Solis-Marcial, 119 Wn. App. at 401-04; RCW 26.50. Rather, Washington law requires only that the person "know of" the order. Id. The Officers' conclusion that Plaintiff knowingly violated the order as required by the statute's arrest provision, if based on a misapprehension of the law, was reasonable under the circumstances.

Because Plaintiff concedes that he has no Monell claim against the City of Snoqualmie, the Court GRANTS summary judgment on Plaintiff's federal claims under the doctrine of qualified immunity.

V. State Law Domestic Violence Immunity

Defendants argue that Officers Stonebraker and Todd are immune from Plaintiff's state law claims under RCW 26.50.140, Washington's immunity provision for the enforcement of domestic violence orders. (Dkt. No. 39 at 8-9.) Plaintiff argues a genuine issue of material fact precludes summary judgment on this basis because there is sufficient evidence for a reasonable fact finder to conclude that the arresting officers acted in bad faith and with malice. (Dkt. No. 46 at 14-16.)

RCW 26.50.140 provides that "[n]o peace officer may be held criminally or civilly liable for making an arrest under RCW 26.50.110 if the police officer acts in good faith and without malice." Malice may be shown by demonstrating that the actions complained of were "undertaken from improper or wrongful motives or in reckless disregard of the rights of the plaintiff." Bender v. City of Seattle, 99 Wn.2d 582, 594 (1983) (quoting Peasley v. Puget Sound Tug & Barge Co., 13 Wn.2d 485, 502 (1942)). Impropriety of motive may be established by proof that the defendant instituted the criminal proceedings against the plaintiff: (1) without believing him to be guilty, or (2) primarily because of hostility or ill will toward him, or (3) for the purpose of obtaining a private advantage as against him. Id.

Summary judgment as to Plaintiff's state-law claims in favor of Officers Stonebreaker and Todd is GRANTED because there is insufficient evidence to create a genuine issue of material fact regarding malice or bad faith. The evidence put forward by Plaintiff regarding false allegations of bruising and the donation of his clothing is insufficient to support a finding that the

Officers arrested Plaintiff despite not believing him to be guilty, arrested Plaintiff primarily out of ill will towards him, or arrested Plaintiff in an attempt to obtain a private advantage against him.

**Conclusion**

The Court finds that Defendants are entitled to summary judgment because (1) Plaintiff failed to substantially comply with the pre-suit claim-filing requirements, (2) probable cause for Plaintiff's arrest existed as a matter of law, and (3) the Officers are immune from Plaintiff's state and federal claims under the doctrine of qualified immunity and Washington's statutory immunity for the enforcement of domestic violence orders. Accordingly, Defendants' Motion for Summary Judgment as to all of Plaintiff's claims is GRANTED.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 9th day of October, 2015.

Marsha J. Pechman
Chief United States District Judge